UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLAYTON FRUGE, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff*, | § § | No._____ |
| v. | § § | |
| HELIX ENERGY SOLUTIONS GROUP, INC., | § § § | |
| *Defendant*. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Clayton Fruge (referred to as "Plaintiff" or "Fruge") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Helix Energy Solutions Group, Inc. (referred to as "Defendant" or "Helix").  In support thereof, he would respectfully show the Court as follows:

### I.  Nature of Suit

1.      Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and

general well-being of workers …." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Helix violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4.      Helix violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Helix resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8.     Clayton Fruge (or "Fruge") is an individual who resides in Anna, Texas and who has been employed by Helix during the last three years.

9.     Helix Energy Solutions Group, Inc. is a Minnesota corporation that may be served with process by serving its registered agent: CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Alternatively, if the registered agent of Helix Energy Solutions Group, Inc. cannot with reasonable diligence be found at the company's registered office, Helix Energy Solutions Group, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.     Whenever it is alleged that Helix committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Helix or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

11.     Helix provides subsea construction, inspection, maintenance, repair and salvage services to customers in the offshore natural gas and oil industry; its corporate headquarters is located in the territorial jurisdiction of this Court.

12.     Helix employed Fruge as steward from approximately November 2017 to April 2019. Fruge continues to work for Helix as a roustabout from approximately April 2019 to present.

13.     As a steward, Fruge's primary duties were nonexempt.

14.     As a steward, Fruge's primary duties did not include office or nonmanual work.

15.     As a steward, Fruge's primary duties were not directly related to the management or general business operations of Helix or its customers.

16.     As a steward, Fruge's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

17.     As a steward, Fruge did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

18.     Instead, Fruge was required to follow the policies, practices and procedures set by Helix.

19.     Fruge did not have any independent authority to deviate from these policies, practices and procedures.

20.     During Plaintiff's employment with Helix, he was engaged in commerce or the production of goods for commerce.

21.     During Plaintiff's employment with Helix, the company had employees engaged in commerce or in the production of goods for commerce.

22.     During Plaintiff's employment with Helix, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

23.     During Plaintiff's employment with Helix, the company had an annual gross volume of sales made or business done of at least $500,000.

24.     As a steward, Fruge, Plaintiff was paid on a day-rate basis.

25.     During Plaintiff's employment with Helix, he regularly worked in excess of forty hours per week.

26.     Helix knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

27.     Helix did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

28.     Instead, Helix paid Plaintiff a flat sum for each day's work regardless of the number of hours he worked in a workweek. *See*, 29 C.F.R. § 778.112 (day-rate workers entitled to additional overtime premium).

29.     In other words, Helix paid Plaintiff overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

30.     Helix knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

31.     Helix failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

32.     Helix knew or showed a reckless disregard for whether its pay practices violated the FLSA.

33.     Helix is liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

34.     All employees being paid a day rate employed by Helix are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Helix pursuant to 29 U.S.C. § 216(b).

## V.  Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

35.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

36.     During Plaintiff's employment with Helix, he was a nonexempt employee.

37.     As a nonexempt employee, Helix was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

38.     Helix did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

39.     Instead, Helix paid Plaintiff a flat sum for each day's work regardless of the number of hours he worked in a workweek. *See*, 29 C.F.R. § 778.112 (day-rate workers entitled to additional overtime premium).

40.     In other words, Helix paid Plaintiff overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

41.     If Helix classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

42.     Helix knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Helix willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

43.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

44.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

45.     In addition to the pay violations of the FLSA described above, Helix also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—Collective Action Allegations

46.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

47.     On information and belief, other employees have been victimized by Helix's violations of the FLSA identified above.

48.     These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

49.     Helix's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

50.     Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

51.     All employees of Helix, regardless of their rates of pay, job titles or precise job locations who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

All stewards paid on a day rate by Helix during the last three years.

52.     Helix is liable to Plaintiff and the Putative Class for the difference between what it actually paid them and what it was legally obligated to pay them.

53.     Because Helix knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the Putative Class their unpaid overtime wages for at least the last three years.

54.     Helix is liable to Plaintiff and the Putative Class in an amount equal to their unpaid overtime wages as liquidated damages.

55.     Helix is liable to Plaintiff and the Putative Class for their reasonable attorneys' fees and costs.

56.     Plaintiff have retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on their behalf as well as all other putative class members.

## VIII.  Prayer

57.   Plaintiff prays for the following relief:

a.   an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b.   judgment awarding Plaintiff and the Putative Class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c.   post judgment interest at the applicable rate;

d.   incentive awards for any class representative(s); and

e.   all such other and further relief to which Plaintiff and the Putative Class may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**